IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALEJANDRO MORALES RENTERAL,    )
            )
        Plaintiff,       )
vs.               )    Case No.  23-cv-2191-TC-TJJ
            )
JNB TRANSPORT, LLC,     )
BLUE FREIGHT LOGISTICS, INC.,   )
AND LUIS ORLANDO GUTIERREZ-  )
GUEVARA          )
            )
        Defendants.   )
            )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Alejandro Morales Renteral's verified Motion for a Temporary Restraining Order (ECF No. 3). The Court conducted the hearing by Zoom video conference on May 3, 2023.  Plaintiff appeared through counsel Jeffrey A. Wilson and Patrick A. Turner. Attorney Kevin McMaster also participated in the hearing but chose not to enter an appearance.[1]

Plaintiff requests an order under Fed. R. Civ. P. 65(b) prohibiting Defendants; their officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with Defendants from destroying or deleting certain information, documents,

---

[1] McMaster sent a letter to Plaintiff's counsel dated April 20, 2023 stating "the representation of JNB Transport LLC and Luis Guierrez-Guevara in connection with the accident of April 4, 2023 has been assigned to this office." (ECF No. 3-3) The letter also advised that McMaster would be Plaintiff's counsel's primary contact and directed that all future correspondence and communication regarding the matter be through his office. Subsequently, significant back-and-forth occurred between McMaster and Plaintiff's counsel coordinating the handling/exchange of certain tangible evidence and debating preservation issues in the case. Although McMaster stated at the hearing that he did not know whether his representation of JNB Transport and Guierrez-Guevara would continue, he was allowed to participate in the hearing over Plaintiff's objection and he did actively participate, raising objections to the scope of the temporary restraining order ("TRO") sought by Plaintiff and objecting to many of the specific categories of documents, information, and ESI included in Plaintiff's request for TRO. Some of McMaster's objections were sustained. Defendants' interests were represented at the hearing.

tangible items, and data. Plaintiff also requests an order under Fed. R. Civ. P. 65(b) that requires those same persons to take affirmative steps to immediately request that all third parties with which Defendants contract, including especially Samsara Inc. and Omnitracs, LLC, not to destroy or delete certain information, documents, tangible items, and data.  Plaintiff requests that this order remain in effect until such time as counsel enter appearances for the Defendants and a preliminary injunction hearing may be held.  Based upon the findings and conclusions below, the Court grants in part and denies in part Plaintiff's Motion for Temporary Restraining Order, pursuant to Fed. R. Civ. P. 65, as expressly limited herein.

## I.    FACTUAL BACKGROUND

The following facts are alleged in Plaintiff's verified Complaint (ECF No. 1), Motion for Temporary Injunction (ECF No. 3) and the exhibits attached thereto. In this negligence action, Plaintiff alleges that on April 4, 2023, he was Westbound on U.S. Highway 54 in Sedgwick County, Kansas, approaching the intersection with S. 135th Street.  As he approached, the traffic signal in front of him was red and he began slowing down to stop for the light.  As he was either almost at a complete stop or at a complete stop, Defendant Luis Orlando Gutierrez-Guevara, who was operating a tractor-trailer Westbound on U.S. Highway 54, slammed into the back of Plaintiff's trailer at highway speed. At the time of the collision, Gutierrez-Guevara was operating the tractor-trailer owned by JNB Transport, LLC ("JNB") but being operated under the motor carrier authority of Blue Freight Logistics, Inc. ("Blue Freight"). Plaintiff further alleges that dashcam footage and electronic data obtained from Gutierrez-Guevara's tractor shows he was distracted by an electronic device to his right and he never hit the brakes—impacting Plaintiff at 61 miles per hour.

Plaintiff sent a "Demand for Preservation of Evidence" to JNB and the adjuster handling

the claim asserted against JNB on April 12, 2023.  Plaintiff sent a substantially similar letter to Defendant Blue Freight and the same adjuster on April 25, 2023. Those letters demanded preservation of documents and tangible items, including electronic devices in Defendants' truck at the time of the collision and documents and data associated with them. Those letters also demanded preservation of communications, text messages and e-mail correspondence related to the crash and Gutierrez-Guevara.

An adjuster for Defendants' insurer agreed to preserve the requested items. But, McMaster, retained at the time to represent  Gutierrez-Guevara and JNB, sent a letter to "supersede" the adjuster's purported agreement to preserve on April 21, 2023. McMaster took issue with the scope and burden of Plaintiff's letter to JNB and complained that it would be costly to comply and that Plaintiff's letter "discloses no information to support that your requests are within any reasonable bounds of the scope of discovery."  McMaster also stated that Defendants "only have an obligation to preserve and not destroy material other than in its normal course of business." McMaster also stated Plaintiff would need to contact any third parties to request preservation.  Plaintiff's counsel responded the same day and requested that McMaster identify which portions of Plaintiff's letter would be too costly or burdensome to comply with. Plaintiff's counsel also requested the identity of the third parties so that he could contact them.  In the Motion for Temporary Restraining Order, Plaintiff's counsel represents that he orally requested the identity of all third parties and for McMaster to identify which documents or items would be too burdensome to preserve.   Plaintiff contends that prior to the hearing, McMaster had not provided the identity of any third parties other than those that were discovered by examination of the tractor, and has not identified which documents would be too burdensome to preserve, why it would be burdensome, or any cost associated with such a burden.

## II.    LEGAL STANDARD

Motions for temporary restraining orders are evaluated under the same standard as a preliminary injunction.  *Sac & Fox Nation of Mo. v. LaFaver*, 905 F. Supp. 904, 907 (D. Kan. 1995).  A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the [movant] is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).   To make this showing Plaintiff must demonstrate: (1) a substantial likelihood of success on the merits; (2) irreparable harm in the absence of an injunction; (3) the threatened injury outweighs the harm a preliminary injunction may cause the opposing party; and (4) the injunction would not be adverse to the public interest.  *Beltronics USA, Inc. v. Midwest Inventory Distrib.*, LLC, 562 F.3d 1067, 1070 (10th Cir. 2009).  Courts are cautioned against granting mandatory preliminary injunctions—those requiring affirmative action by the nonmoving party—as they are "an unusual form of relief and one that must not be granted without heightened consideration" of the four factors.  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).

Generally, notice to the adverse party is required before a court may issue a preliminary injunction.  Fed. R. Civ. P. 65(a)(1).  However, a court may issue a TRO without notice to the adverse party or its attorney if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

### III.    ANALYSIS

As an initial matter, Plaintiff's counsel submitted an affidavit (ECF No. 3-12) with the motion that swore to the accuracy of the facts presented. The affidavit also set forth efforts made to give notice and the reasons why it should not be required. Further, as noted, *supra*, McMaster did appear at the hearing and represent Defendants' interests. The Court therefore finds the requirements of Fed. R. Civ. P. 65(b)(1) have been met.

The Court also addresses preliminarily the persons to be bound by the Temporary Restraining Order to be entered herein. Plaintiff's motion includes broad requests that non-party entities Samsara, Omnitracs, LLC, and any other non-party provider used by Defendants, be ordered to preserve all data related to electronic devices in Gutierrez-Guevara's truck or otherwise related to him and his fellow team driver's hours of service, trips, telematics, and driving history. The Court denies this request as it has no authority to enjoin these entities, who are not parties to this case or otherwise bound by the Court's order under Fed. R. Civ. P. 65(d)(2). *See Trees v. Serv. Emps. Int'l Union Loc. 503*, 570 F. Supp. 3d 954, 962 (D. Or. 2021) (the only persons bound by an injunction or TRO are those identified in Rule 65(d)(2)).  Plaintiff acknowledged at the May 3, 2023 hearing that the non-party entities are not "in active concert or participation with" Defendants, nor are they "officers, agents, servants, employees, and attorneys" of Defendants. Fed. R. Civ. P. 65(d)(2)(B)–(C). These non-party entities therefore could not be bound by any order issued by the Court under Rule 65.

Finally, there was no evidence presented at the hearing that the non-parties have any data within Defendants' possession, custody or control, or which Defendants would have the legal right to demand. *See F.D.I.C. v. McCaffree*, 289 F.R.D. 331, 339 (D. Kan. 2012) ("[D]ocuments are deemed to be within the possession, custody, or control if the party has actual possession, custody,

or control or has the legal right to obtain the documents on demand."). Moreover, in its email response to Plaintiff's preservation demand letter, Samsara stated its customers own their own data, and Samsara is unlikely to possess any material beyond whatever the customer itself possesses or is able to access. (ECF No. 3-8). Accordingly, the Court's denies Plaintiff's request to order the non-party entities to preserve data concerning Defendant Gutierrez-Guevara or the truck he was driving on the day of the collision.

Accordingly, the Court denies Plaintiff's request that the Court grant injunctive relief with respect to any non-parties to this case.

     A.   <u>Likelihood of Success on the Merits</u>

To meet this element, Plaintiff need only establish a "prima facie case showing a reasonable probability" of prevailing on the merits. *Automated Mktg. Sys., Inc. v. Martin*, 467 F.2d 1181, 1183 (10th Cir. 1972). The showing required for the element is lowered when the prejudice or harm to the defendant posed by granting the injunction is minimal while the threatened injury is greater. *Oklahoma, ex rel., OK Tax Comm'n v. Int'l Registration Plan, Inc.*, 455 F.3d 1107, 1113 (10th Cir. 2006).

> If a movant can show the first three requirements, [the 3 elements other than a likelihood of prevailing], tip strongly in his favor, the test is modified. In such situations, the moving party may meet the requirement for showing success on the merits by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation.

*Id*. (citations and internal quotation marks omitted).

This is a personal injury action where Plaintiff alleges that Defendant rear-ended him at a high rate of speed causing injury. The full extent of Plaintiff's injuries is not known, but he does claim pain following a collision that occurred at 61 miles per hour. The standard to prevail in this

circumstance involves proving four well-known elements: "(1) defendant owed a duty to the plaintiff; (2) defendant breached that duty; (3) plaintiff's injuries were caused by the defendant's breach; and (4) plaintiff suffered damages." *E.g. Reardon for Est. of Parsons v. King*, 310 Kan. 897, 903, 452 P.3d 849, 854 (2019). "A person owes a duty if (1) the plaintiff is a foreseeable plaintiff and (2) the probability of harm is foreseeable." *Manley v. Hallbauer*, 53 Kan. App. 2d 297, 300, 387 P.3d 185, 188 (2016), *aff'd*, 308 Kan. 723, 423 P.3d 480 (2018). It appears that Gutierrez-Guevara owed a duty to Plaintiff in this situation. "Normally, the primary duty of a motorist is to look ahead." *Hodge v. Lanzar Sound, Inc*., 25 Kan. App. 2d 592, 594, 966 P.2d 92, 95 (1998). Given the allegations of this verified motion and the fact that Plaintiff was rear-ended at approximately 61 miles per hour, there is at least a reasonable probability of proving breach of a duty to look ahead and drive without negligence. Plaintiff's remaining allegations are sufficient at this stage to meet Plaintiff's burden regarding the final two elements.

Therefore, the Court finds Plaintiff has shown a reasonable probability of prevailing on the merits.

B.   <u>Irreparable Harm</u>

Harm becomes "irreparable" when monetary relief after a full trial would be inadequate. *Awad v. Ziriax*, 670 F.3d 1111, 1131 (10th Cir. 2012). This harm must be "concrete and imminent." *Id*.; *see also Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (holding movant "must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief"). "Although irreparable harm does not readily lend itself to definition, a plaintiff must demonstrate a significant risk that he or she will experience harm that cannot be compensated after the fact by money damages." *New Mexico Dep't of Game & Fish v. United States Dep't of the Interior*, 854 F.3d 1236, 1250 (10th Cir. 2017) (citation and

internal quotation marks omitted).  Moreover, "a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). "While not an easy burden to fulfill ... a plaintiff who can show a significant risk of irreparable harm has demonstrated that the harm is not speculative." *New Mexico Dep't of Game & Fish*, 854 F.3d at 1250.

Here, the loss or destruction of relevant evidence would be a harm that could not fully be remedied. While the Court would have the inherent authority to sanction a party for spoliation under Fed. R. Civ. P. 37, the inability to marshal evidence that once existed to support his claims would likely not be fully compensated by any sanction the Court could impose. Moreover, Plaintiff's asserted risks of irreparable harm (destruction of relevant evidence) are not merely conclusory. McMaster's stated position that Defendants "only have an obligation to preserve and not destroy material other than in its normal course of business"  raises serious and legitimate concerns that electronically stored information ("ESI"), including electronic devices and data from the cab of Defendants' truck and other items Plaintiff has requested to be preserved, are at imminent risk of being permanently lost or destroyed.[2] Therefore, Plaintiff has met his burden to show "a significant risk" of irreparable harm will result if this injunction is not granted.

C.    Balance of Harms

The arguable harm and burden on the Defendants are to refrain from deleting the items subject to the temporary restraining order and to take steps to ensure the preservation of the same. There is also a burden to put aside and not use any electronic devices located in the cab of the

---

[2] It is well-established in this District that "Every party either reasonably anticipating litigation or believing litigation is imminent must take reasonable steps to preserve relevant ESI within the party's possession, custody, or control." D. Kan. ESI Guideline 8 at p. 3, available at https://www.ksd.uscourts.gov/sites/ksd/files/Guidelines-for-cases-involving-ESI-July-18-2013.pdf.

subject truck. Defendants raise vague complaints that it will be costly and require a significant amount of time to preserve the documents, information, and ESI at issue, without quantifying the asserted burden. All parties have duties to preserve relevant information when litigation is reasonably anticipated or imminent and Defendants certainly have that obligation here. At this point, Defendants have made no showing that the burdens imposed by the temporary restraining order to be entered here would be unduly burdensome. The Court further finds that the balance of the harms weighs in Plaintiff's favor. The minimal burden on the Defendants of complying with the order are significantly outweighed by the potential harm to Plaintiff of loss of relevant evidence should the restraining order not be granted.

      D.    <u>The Public Interest</u>

The public has an interest in seeing cases tried on the merits. Therefore, preserving all relevant evidence related to this matter is in the public interest. The Court therefore finds this element is also in Plaintiff's favor.

**IV.    ORDER**

Plaintiff has satisfied each of the four factors required for the Court to issue a TRO. However, the Court finds that the scope of the restraining order requested by Plaintiff is overbroad and limits the order as follows:

For 14 days from the entry of this Order, unless modified sooner by an order of this Court, it is hereby ordered that Defendants JNB Transport, LLC, Blue Freight Logistics, Inc., and Luis Orlando Gutierrez-Guevara and their officers, agents, servants, employees, and other persons acting in concert or participation with them, who receive actual notice of this Temporary Restraining Order by personal service or otherwise, are temporarily enjoined and restrained from

destroying, deleting or altering, either directly or indirectly, the following items, documents, information and ESI, in their possession, custody, or control, and shall preserve the following:

1.      Each and every cell phone, tablet, laptop, GPS device, watch, communication device, portable telematics device, and any other consumer electronic device of any kind that was/were in the truck involved in the accident at issue in this case at the time of the subject collision.

2.      All data and records, GPS location data and other telematics data, communications involving, and usage information in your possession, custody, and control for each device, portable telematics device, and any other consumer electronic device of any kind that was/were in the truck involved in the accident at issue in this case at the time of the subject collision.

3.      All video, audio, and data from each onboard camera and video system installed in the cab of the tractor involved in the subject crash. If any data, video, or audio has not been downloaded or uploaded from the in-cab camera, the camera and storage device contained therein should be preserved. If any system used can generate any report, all reports must be preserved.

4.      All data and reports in existence on the date this Temporary Restraining Order is entered from each telematics system for each tractor that Gutierrez-Guevara operated in the two months leading up to and including April 4, 2023.

5.      All emails, text messages, correspondence, electronic messages, letters, memos, or other documents regarding Gutierrez-Guevara and/or the subject collision from April 1, 2023 to the date this Temporary Restraining Order is entered.

6.     All receipts from purchases made by Gutierrez-Guevara and/or his passenger during the trip they were on at the time of the subject crash.

7.     All of Gutierrez-Guevara's Hours of Service logs and log audits for six months leading up to and including April 4, 2023.

This Temporary Restraining Order is entered on the date and at the time indicated on the Court's electronic file stamp and shall remain in effect, unless modified sooner, for 14 days from such time and date.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Temporary Restraining Order (ECF No. 3) is granted in part and denied in part, subject to the limits set out in detail above.

IT IS FURTHER ORDERED that Plaintiff shall give security for this temporary restraining order by posting a bond in the amount of $1,000 on or before **Friday, May 5, 2023**.

IT IS FURTHER ORDERED that counsel for the parties shall appear for hearing on Plaintiff's request for preliminary injunction via Zoom video conference on **May 16, 2023 at 10:00 AM**.

IT IS SO ORDERED.

Dated May 4, 2023, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge