**In the United States District Court
for the District of Kansas**

———————

Case No. 23-cv-02191-TC-TJJ

———————

ALEJANDRO MORALES RENTERAL,

*Plaintiff*

v.

JNB TRANSPORT, LLC,
BLUE FREIGHT LOGISTICS, INC.,
LUIS ORLANDO GUTIERREZ-GUEVARA,

*Defendants*

———————

**MEMORANDUM AND ORDER**

Alejandro Morales Renteral sues the Defendants for various negligence claims stemming from a traffic accident in Wichita, Kansas. Doc. 1 at 6–17. Defendants move to dismiss, arguing that jurisdiction is lacking because the amount-in-controversy requirement in 28 U.S.C. § 1332 is not satisfied. Doc. 19. For the following reasons, Defendants' motion, Doc. 19, is denied.

**I**

**A**

A party may move to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1). There are, generally speaking, two ways to challenge subject-matter jurisdiction, one being facial and the other being factual. *Laufer v. Looper*, 22 F.4th 871, 875 (10th Cir. 2022). A facial challenge accepts the facts in the complaint as true but argues they fail to state a basis for jurisdiction, while a factual attack contests the validity of jurisdictional facts. *Id.*

Plaintiff's basis for jurisdiction in this case is diversity jurisdiction. Section 1332 provides for federal court subject-matter jurisdiction

1

when the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The party asserting jurisdiction (usually the plaintiff) has the burden of establishing jurisdiction. *Atlas Biologicals, Inc. v. Kutrubes*, 50 F.4th 1307, 1322 (10th Cir. 2022).

Defendants' motion asserts the amount-in-controversy element has not been met. When subject-matter jurisdiction is challenged "based on the amount in controversy requirement," the plaintiff's burden is to show that "it is not legally certain that the claim is less than the jurisdictional amount." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003); *see also Mocek v. City of Albuquerque*, 813 F.3d 912, 934 (10th Cir. 2015). Dismissal under this standard is rare and is typically only proper where "a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction." *Woodmen of World Life*, 342 F.3d at 1216.

**B**

Morales Renteral claims that jurisdiction exists under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy is greater than $75,000 exclusive of interest and costs. Doc. 1 at ¶ 21. The parties are completely diverse,[1] but Defendants claim that Morales Renteral has not shown facts sufficient to allege that the amount in controversy exceeds $75,000. Doc. 20.

Morales Renteral claims several sources of damages. First, he claims that Gutierrez-Guevara's negligent operation of a commercial vehicle proximately caused him "severe injuries," "physical and mental pain and suffering and mental anguish" for which he requests compensatory damages. Doc. 1 at ¶ 44. He also requests punitive damages to the extent Gutierrez-Guevara's conduct was "willful and wanton." *Id.* at ¶ 75. He further alleges that JNB and Blue Freight are liable on respondeat superior grounds for Gutierrez-Guevara's conduct, *id.* at ¶

---

[1] Morales Renteral is domiciled in Arizona. Doc. 1 at ¶ 11. JNB Transport, LLC is a limited liability company organized under the laws of California, *id.* at ¶ 12, whose only member is domiciled in California, *id.* at ¶ 13. Blue Freight Logistics, Inc., is a California corporation and its principal place of business is also in California. *Id.* at ¶ 16. Gutierrez-Guevara is domiciled in California. *Id.* at ¶ 19. Thus, all parties are diverse.

82, and were independently negligent for failure to train and supervise Gutierrez-Guevara, *id.* at ¶ 101. Accordingly, Morales Renteral seeks damages from those Defendants for "serious bodily injury, medical expenses, lost wages" and "non-economic damages such as pain and suffering." *Id.* at ¶ 102. He also seeks damages for "future medical expenses, future lost wages and future non-economic damages." *Id.* Finally, Morales Renteral seeks damages on a negligence per se theory for violation of K.S.A. § 66-176 and accordingly seeks attorney's fees under that statute as well as punitive damages for "willful and wanton conduct." *Id.* at ¶¶ 110, 111, 123, 124. Morales Renteral expressly alleges that these damages, in total, are "in excess of the sum of [$75,000.00,] exclusive of interest and costs." *Id.* at ¶ 21.

## II

The allegations in Morales Renteral's complaint allege damages in excess of the $75,000 threshold amount and there is nothing to suggest that it is legally certain he cannot recover that amount or more. As a result, Defendants' motion to dismiss for lack of subject-matter jurisdiction is denied.

Morales Renteral has carried his burden of showing that "it is not legally certain that the claim is less than" or equal to $75,000. As noted, Morales Renteral claims several categories of damages: compensatory damages for bodily injury and associated lost wages, medical expenses, and non-economic damages, as well as punitive damages, and attorneys' fees. *See* Doc. 1 at ¶¶ 44, 75, 82, 101, 102, 110, and 111. Each category is generally available under Kansas law, including attorneys' fees and punitive damages. *See Adamson v. Bicknell*, 287 P.3d 274 (Kan. 2012) (punitive damages in a personal injury claim), *Hilburn v. Enerpipe Ltd.*, 442 P.3d 509, 511 (Kan. 2019) (holding a cap on non-economic damages in a personal injury matter unconstitutional as a matter of the Kansas Constitution), *and Hayes Sight & Sound, Inc. v. ONEOK, Inc.*, 136 P.3d 428, 457 (Kan. 2006) (awarding statutory attorney's fees).

Defendants' contrary arguments are unavailing. They principally contend that Morales Renteral's damages are "speculative," and "unknown," and that there is "no allegation of Plaintiff seeking medical attention." Doc. 20 at 4. They do so based on their belief as to how a jury will evaluate the parties' respective evidence. But even if Defendants' contentions are true, the mere fact that Morales Renteral's damages are "speculative," or that their value is "unknown" at this stage, does not show that it is legally certain that damages will be less than or

3

equal to $75,000. *See Mocek*, 813 F.3d at 935 (determining that it was "premature to conclude" that a district court had no diversity jurisdiction in a case where the "alleged harms" included "financial and emotional distress" as well as "compensatory, nominal, and special damages," "to the extent permitted by law."). Defendants' superficial jurisdictional challenge imposes no basis to require Plaintiff to provide additional evidentiary support for his damage claims. *See Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 508 (10th Cir. 2023).

Defendants also assert that K.S.A. § 40-3117 bars "non-pecuniary loss" in this case because Morales Renteral does not claim "medical benefits having a reasonable value of $2,000 or more." Doc. 20 at 4. That type of determination—the value of medical benefits—is not one to be made at the motion to dismiss stage, especially on a facial challenge. It is typically a question of fact to be resolved at trial. *See, e.g., Benning v. Palmer*, 461 P.3d 87 (Kan. Ct. App. 2020). But even so, it is not certain at this point that the "reasonable value" of Morales Renteral's medical "benefits" are less than $2,000.

Defendants further argue—for the first time in their Reply—that Morales Renteral fails to allege facts which would form the basis of a claim for either punitive damages or attorneys' fees. Doc. 24 at 2. That argument is untimely and will not be considered. *Black & Veatch Corp. v. Aspen Ins. (Uk) Ltd.*, 378 F. Supp. 3d 975, 989 (D. Kan. 2019). But even if it were, the argument fails: Even excluding these two categories of damages, it is not legally certain that Morales Renteral's compensatory damages claims will not exceed $75,000.

### III

For the foregoing reasons, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, Doc. 19, is DENIED.

It is so ordered.

Date: April 3, 2024                    s/ Toby Crouse
                                       Toby Crouse
                                       United States District Judge

4