UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALEJANDRO MORALES RENTERAL,

    Plaintiff,

    v.

JNB TRANSPORT, LLC, BLUE FREIGHT
LOGISTICS, INC., and LUIS ORLANDO
GUTIERREZ-GUEVARA,

    Defendants.

Case No. 23-cv-2191-TC-TJJ

## DISCOVERY CONFERENCE ORDER

This matter is before the Court on the Motion to Compel Discovery Responses (ECF No. 78) ("Motion to Compel") filed by Defendant Blue Freight Logistics, Inc. ("Blue Freight"). Blue Freight requests an order under Rule 37 compelling Plaintiff to answer Interrogatories 1, 2, 7 and 16, and produce documents responsive to Requests for Production 3–5, 9, 11–15, 17, 19–22, 24, 26–28, and 30–38.

On May 14, 2024, U.S. Magistrate Judge Teresa J. James conducted an in-person discovery conference to discuss the discovery requests at issue. Plaintiff appeared through counsel, Jeffrey A. Wilson and Patrick Turner. Defendants appeared through counsel, Kevin McMaster. This order memorializes and supplements the Court's rulings from the discovery conference.

1.     Blue Freight confirmed the Court's understanding that it is not requesting a ruling with respect to two interrogatories previously propounded by co-Defendant JNB Transport, LLC, which are mentioned in the Motion to Compel. The Court therefore denied any request for relief as to them.

2. For the reasons stated on the record, Defendant Blue Freight's Motion to Compel is granted in part and denied in part as summarized below. The Motion to Compel is **granted** to the following extent:

   a. **Interrogatories 1, 2, and 7**. Plaintiff's answers to these interrogatories are incomplete. Plaintiff shall supplement his answers to these interrogatories with responsive information he currently has in his possession, custody, or control, and after making reasonable good faith efforts to ascertain responsive information. Plaintiff's obligation is broader than just providing information from the incident report. To the extent Plaintiff does not have the requested information or documents in his possession, custody, or control, he shall so state in his answer. With regard to responsive information Plaintiff has attempted unsuccessfully to obtain from his former attorney, Blue Freight will need to serve a subpoena upon Plaintiff's former attorney if Blue Freight wants to obtain this information. The Court encouraged Plaintiff to execute an authorization for the release of information and documents by his former attorney to facilitate responsiveness to the subpoena.

   b. **Request for Production 12**. Plaintiff's objections are overruled in part. The requested cell phone records may be relevant to Defendants' defenses to Plaintiff's claim for punitive damages. Plaintiff shall produce the requested cellular telephone records for the day of the accident. If Plaintiff does not have the records in his possession, custody, or control, he shall so state in his response.

      c.      **Request for Production 38**. Plaintiff's objections are overruled in part. The requested hours of service logs may be relevant to Defendants' defenses to Plaintiff's claim for punitive damages. Plaintiff shall produce the requested hours of service logs to the extent they are within his possession, custody, or control. If Plaintiff does not have the records in his possession, custody, or control, he shall so state in his response.

3.      Blue Freight's Motion to Compel is **denied** as to:

      a.      **Interrogatory 16**. Plaintiff's answer is responsive and sufficient.

      b.      **Requests for Production 3, 4, and 5**. Plaintiff states in his discovery responses that he does not have responsive documents in his possession, he has made a request to his former attorney for these documents, and no documents have been received to date. Blue Freight will need to serve a subpoena upon Plaintiff's former attorney if Blue Freight wants to obtain the requested documents. Again, the Court encouraged Plaintiff to execute an authorization for the release of information and documents by his former attorney to facilitate responsiveness to the subpoena.

      c.      **Requests for Production 9, 11, 13–15, 17, 19–22, 24, 26–28, and 30–37**. Plaintiff's relevancy objections are sustained. Defendants have not asserted the comparative fault of Plaintiff in this case where Plaintiff's tractor trailer was rear-ended by Defendant Gutierrez-Guevara's tractor trailer. Blue Freight has not shown that its Requests for documents regarding Plaintiff's qualifications, safety training, activities, and operation of his tractor trailer are relevant to any claims or defenses in this case.

4.     Plaintiff shall serve all supplemental discovery responses and produce all responsive documents ordered herein by **May 28, 2024**.

5.     Plaintiff is ordered to provide dates for the scheduling of his deposition to Defendants' counsel by **May 17, 2024**.

IT IS SO ORDERED.

Dated May 15, 2024, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge