UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALEJANDRO MORALES RENTERAL,

    Plaintiff,

    v.

JNB TRANSPORT, LLC, BLUE FREIGHT LOGISTICS, INC., and LUIS ORLANDO GUTIERREZ-GUEVARA,

    Defendants.

Case No. 23-cv-2191-TC-TJJ

## ORDER OVERRULING DEFENDANTS' OBJECTION TO PLAINTIFF'S DESIGNATION OF TRIAL

This matter is before the Court on Defendants' Objection to Plaintiff's Designation of Trial (ECF No. 87). Defendants object to Plaintiff's designation of Kansas City, Kansas as the place of trial, and request that trial be held in Wichita in accordance with their Designation of Place of Trial (ECF No. 86). The Court construes Defendants' Objection as a motion to change the trial location from Kansas City to Wichita under D. Kan. Rule 40.2(e). For the reasons explained below, Defendants' Objection to Plaintiff's designation of Kansas City as the place of trial is overruled without prejudice.

**I.    Procedural Background**

This case arises out of a motor vehicle collision that occurred in Sedgwick County, Kansas, in which Defendant Gutierrez-Guevara's tractor-trailer rear-ended the tractor-trailer driven by Plaintiff. In his Complaint, Plaintiff designated Kansas City, Kansas as the place of trial.[1] Defendants filed their answer, a designation listing Wichita as the place of trial, and objection to

---

[1] ECF No. 1, at 18.

Plaintiff's designation of place of trial.[2] Plaintiff has filed a response in opposition to Defendants' objection.[3]

## II. Legal Standards

Under D. Kan. Rule 40.2(e), "[t]he court is not bound by the requests for place of trial. It may determine the place of trial upon motion or in its discretion." In considering motions for intra-district transfer, the courts of this district look to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a).[4] Under this statute, "a district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses.[5] Additionally, 28 U.S.C. § 1404(c) provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."

Section 1404(a) gives "a district court broad discretion in deciding a motion to transfer" on a "case-by-case" basis.[6] In evaluating a transfer under 28 U.S.C. § 1404(a), the Court considers five factors: (1) the plaintiff's choice of forum; (2) convenience of witnesses; (3) accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) "all other considerations of a practical nature that make a trial easy, expeditious, and economical."[7] The

---

[2] ECF Nos. 84, 86, and 87.

[3] ECF No. 88.

[4] *See, e.g.*, *Llizo v. City of Topeka, Kan.*, 844 F. Supp. 2d 1212, 1214 (D. Kan. 2012); *Aramburu v. Boeing Co.*, 896 F. Supp. 1063, 1064 (D. Kan. 1995); *Skepnek v. Roper & Twardowsky, LLC*, No. 11-4102-DDC-JPO, 2015 WL 10246976, at *1 (D. Kan. Aug. 27, 2015).

[5] 28 U.S.C. § 1404(a).

[6] *Spires v. Hosp. Corp. of Am.*, No. 06-2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

[7] *Skepnek*, 2015 WL 10246976, at *1 (quoting *Chrysler Credit Corp.*, 928 F.2d at 1515–16).

plaintiff's choice of forum should not be disturbed unless the balance weighs strongly in favor of transfer,[8] and the moving party bears the burden of proving that the existing forum is inconvenient.[9] Indeed, courts in this District have held that the moving party must show the existing forum is "substantially inconvenient, not just that [the proposed new forum] is marginally more convenient."[10]

**III.   Analysis**

   *A. Plaintiff's Choice of Forum*

Although a plaintiff's choice of forum is normally entitled to great deference, such consideration is given "much less weight in ruling on a discretionary transfer motion" if the plaintiff's choice of forum is not the plaintiff's residence.[11] "When the plaintiff does not reside in the chosen forum, the rationale for allowing plaintiff to dictate the forum evaporates."[12] Plaintiff alleges in his complaint that he is domiciled in Phoenix, Arizona, thus diminishing the weight given to Plaintiff's choice of Kansas City as the trial location. Plaintiff offers no other connection

---

[8] *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *2 (D. Kan. Dec. 2, 2014) (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)); *Escalante v. Williams*, No. 17-CV-2035-HLT-KGG, 2018 WL 4341268, at *1 (D. Kan. Sept. 11, 2018).

[9] *McDermed,* 2014 WL 6819407, at *1.

[10] *Spires*, 2006 WL 1642701, at *3; *See also Menefee v. Zepick*, No. 09-2127-JWL, 2009 WL 1313236, at *2 (D. Kan. May 12, 2009).

[11] *Barnes & Noble Booksellers, Inc., v. Town Ctr. Plaza, LLC*, No. 05-2011-CM, 2005 WL 2122803, at *2 (D. Kan. May 18, 2005). *See also Tiffany v. City of Topeka,* No. 09-2232-CM, 2009 WL 1683515, at *1 (D. Kan. June 16, 2009); *Baker v. Via Christi Reg'l Med. Ctr.*, No. 06-2168-KHV, 2007 WL 913925, at *2 (citing *Wichita Inv'rs, LLC v. Wichita Shopping Ctr. Assocs.*, No. 02-2186-CM, 2002 WL 1998206, at * 1 (D. Kan. Aug. 7, 2002)).

[12] *Twigg v. Hawker Beechcraft Corp.*, No. 08-2632-JWL, 2009 WL 1044942, at *2 (D. Kan. Apr. 20, 2009).

to Kansas City other than his counsel's law firm has an office in Kansas City. The Court therefore gives little weight to Plaintiff's designation of Kansas City as place of trial.

  B. *Convenience and Accessibility of the Witnesses and Evidence*

As this Court has emphasized, "[i]n deciding a motion to transfer under § 1404(a), the relative convenience of the forum is 'a primary, if not the most important, factor to consider.'"[13] Specifically, "[c]onvenience of the non-party witnesses is the most important factor to be considered."[14] Ultimately, the Court will grant Defendants' transfer motion only if it finds Kansas City to be substantially inconvenient for non-party witnesses, not just that Wichita is marginally more convenient.[15] Such inconvenience requires that "all or practically all the witnesses reside in a different forum and traveling to the proposed forum is a substantial burden."[16] The moving party must therefore "identify the witnesses and their locations, indicate the quality or materiality of their testimony, and indicate that depositions from witnesses who are unwilling to come to trial would be unsatisfactory and the use of compulsory process would be necessary."[17]

Defendants have the burden here to show that Kansas City would be substantially inconvenient for the non-party witnesses. This requires them to identify the witnesses and their

---

[13] *LeTourneau v. Venture Corp.*, No. 15-2629-JAR, 2018 WL 489096, at *3 (D. Kan. Jan. 19, 2018) (quoting *McIntosh v. City of Wichita*, No. 14-2402-DDC, 2015 WL 1646402, at *2 (D. Kan. Apr. 14, 2015)).

[14] *Meek & Assocs., Inc. v. First Union Ins. Grp.*, No. 99-2519-CM, 2001 WL 58839, *1 (D. Kan. Jan. 18, 2001).

[15] *See Menefee*, 2009 WL 1313236, at *2.

[16] *McIntosh*, 2015 WL 164602, at *2.

[17] *LeTourneau*, 2018 WL 489096, at *3 (quoting *McDermed*, 2014 WL 6819407, at *2).

4

locations, as well as indicate the quality or materiality of the witnesses' expected testimony. It also requires Defendants to show "all or practically all the witnesses" reside in a different forum and traveling to the proposed forum is a substantial burden. Defendants broadly state as of the time of their filing "the only fact witnesses identified (excluding the parties) live and work in the Wichita, Kansas area,"[18] but acknowledge Plaintiff has sought medical evaluation and treatment in Arizona, where he lives. Defendants generally identify the fact witnesses who would be required to travel from Wichita to Kansas City as those involved in the investigation of the accident and the medical evaluation and treatment of Plaintiff.

In response, Plaintiff argues Defendants have not met their burden on this factor, making no showing whatsoever beyond mere general allegations that some fact witnesses are located in Wichita. The only known witnesses to the collision itself, identified in the Kansas Motor Vehicle Collision Report, are Plaintiff, Defendant Gutierrez-Guevara and his passenger. None of them reside in Kansas. Plaintiff also argues that Defendants fail to provide any information as to the quality or materiality of the Wichita-based witnesses' expected testimony or that those witnesses would be unwilling to travel to Kansas City, which is only a 2.5-hour drive from Wichita. Plaintiff identifies the potential Wichita-based witnesses as the paramedics on scene (who did not transport Plaintiff from the scene), and the urgent care physician, who evaluated Plaintiff after the collision. Plaintiff also acknowledges the Sedgwick County Sheriff's deputies who investigated the collision are other potential witnesses who presumably reside near Wichita, but argues these investigating officers were not actual eyewitnesses to the collision and therefore are unlikely to be called as witnesses. Plaintiff also points out that his treating health care providers, who have seen him on

---

[18] Defts.' Obj., ECF No. 87, at 2.

multiple service dates and will testify to his injuries and the cause of his injuries, reside in Arizona. Plaintiff concedes he did briefly receive medical evaluation and treatment on the day of the collision in Wichita, but all other treatment occurred elsewhere outside of Kansas. Finally, Plaintiff stresses that *all* the parties and the majority of his treating medical providers reside out of state and therefore will be required to travel to either Kansas City or Wichita. While Wichita is home to a national airport, Plaintiff suggests the larger Kansas City airport will provide more direct flight options for the parties and any non-party witnesses, which will decrease costs for all parties, and further supports holding trial in Kansas City rather than Wichita. The Court, however, has consistently refused to designate Kansas City as the place of trial over Wichita merely based on the size of the Kansas City International Airport.[19]

       The Court finds Defendants have not met their burden of showing that most of the non-party witnesses would be substantially inconvenienced by being required to travel from Wichita to Kansas City to testify at trial. Plaintiff acknowledges the rear-end accident occurred in Wichita and therefore some Wichita-based witnesses may be called to testify at trial. But the Court finds persuasive Plaintiff's argument that it is unlikely these few witnesses—the investigating officers, paramedics, and the urgent care physician—would even be called to testify at trial given the nature of the accident and the fact Plaintiff was seen only one time by the urgent care physician in Wichita. Instead, it appears likely most of the non-party factual witnesses will be from outside of Kansas. Defendants have not met their burden to show that Kansas City would be substantially inconvenient for most of the non-party witnesses. The Court therefore finds this factor weighs against transferring trial to Wichita.

---

[19] *Smith v. Textron Aviation Inc.*, No. 2:23-CV-02291-JAR-TJJ, 2023 WL 8762376, at *4 (D. Kan. Dec. 19, 2023); *Walker v. Corizon Health, Inc.*, No. 17-2601-DDC-KGG, 2022 WL 1081188, at *3 (D. Kan. Apr. 11, 2022).

### C. Fair Trial and Other Considerations

Defendants point out that their counsel, as well as Plaintiff's own counsel have their main offices in Wichita, Kansas, but make no other argument regarding the last two factors. Plaintiff argues the remaining factors are either neutral or irrelevant. The Court knows of no reason the parties could not have a fair trial in either city and therefore gives no weight to this factor. The Court agrees the final "other considerations" factor is also neutral. Because the general burden of showing substantial inconvenience for the non-party witnesses remains with Defendants, this lack of weight does nothing to disturb Plaintiff's chosen forum of Kansas City.

The Court finds Defendants have not met their burden to show that Kansas City would be substantially inconvenient for most of the non-party witnesses. With the other factors carrying little weight, Defendants have not met their burden at this time to show that Plaintiff's Designation of Trial in Kansas City should be overruled and trial held in Wichita in accordance with Defendants' own designation. As Defendants have not met their burden at this time to show the case should be transferred to Wichita for trial, the Court overrules Defendants' Objection to Plaintiff's Designation without prejudice.

**IT IS THEREFORE ORDERED** that Defendants' Objection to Plaintiff's Designation of Trial (ECF No. 87) is **overruled without prejudice.** If warranted as a result of further discovery in the case, Defendants may file a renewed motion to change the trial location. Any such motion must be filed no later than **ten (10) days prior to** the Pretrial Conference.

IT IS SO ORDERED.

Dated June 3, 2024, in Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge